# CHARLESTON.

## STATE v. SIXO.

Submitted November 2, 1915.　Decided November 30, 1915.

1. INDICTMENT AND INFORMATION—*Sufficiency—Statute.*

　The form of the indictment prescribed in section 3, chapter 13, acts of the Legislature of 1913, is sufficient to give the defendant information of the character and cause of the accusation against him. (p. 253).

2. SAME—*Bill of Particulars—Right to Require—Time for Motion.*

　The law in relation to bills of particulars applies to criminal and civil cases.　The right to require a bill of particulars in criminal cases can be exercised only where the law allows general statements in the pleading, and justice requires further information of the accusation.　The motion for a bill of particulars in criminal cases should be made before pleading and should be supported by affidavit stating specifically the information desired.　(p. 253).

3. INTOXICATING LIQUORS—*Unlawful Importation and Transportation —Marked Containers—Offense.*

　The act of the Legislature of 1915, ch. 7, sec. 31, providing that, ''It shall be unlawful for any person to bring or carry into the state, or from one place to another within the state, even when intended for personal use, liquors exceeding in the aggregate one-half of one gallon in quantity, unless there is plainly printed or written on the side or top of the suit case, trunk or other container, in large display letters, in the English language, the contents of the container or containers, and the quantity and kind of liquors contained therein. If any person shall violate this section, he shall be deemed quilty of a misdemeanor'', creates a new and substantive offense.　(p. 248).

4. SAME—*Unlawful Importation and Transportation—Marked Containers—Offense—Validity of Statute.*

　It was within the legislative power to enact the statute named in the foregoing point, and said part of said statute creating such offense, does not conflict with any of the provisions of the constitution of the United States or of this State.　(p. 248).

5. SAME—*Prosecution—Possession of Liquors—Conclusive Evidence— Validity of Statute.*

　One part of sec. 31, ch. 7, of the acts of the Legislature of 1915, provides that ''the liquors in the possession of any person violating this section (meaning said section 31), may be seized, and shall be conclusive evidence of the unlawful keeping, storing, and selling of the same by the person having such liquors in his possession.''

That part of said section which makes such possession ''conclusive evidence'' is unconstitutional and void.   (p. 250).

6.   STATUTES—*Invalidity in Part—Effect.*

Though one provision of a statute is repugnant to the constitution, yet if it is distinct in operation, and separable from the other parts of the statute, that provision will be ignored and the other parts stand.   (p. 251).

7.   INTOXICATING LIQUORS—*Prosecution—Possession—Conclusive Evidence—Instructions.*

An instruction which tells the jury ''that under the laws of the State of West Virginia it is unlawful for any person to bring or carry into the State or from one place to another within the State, even when intended for personal use, liquors exceeding in the aggregate one-half of one gallon in quantity, unless there is plainly printed or written on the side or top of the suit case, trunk or other container (which includes a basket) in large display letters, in the English language, the contents of the container, or basket, and the quantity of liquor contained therein, and if such statement does not truthfully show the contents of said container, ''in large display letters'', the liquors in the possession of the defendant shall be conclusive evidence of the unlawful keeping, storing, and selling of liquors by the defendant having such liquors in his possession'', is erroneous.   (p. 247).

8.   SAME—*Prosecution—Instructions.*

An instruction which tells the jury that if they ''believe from the evidence in this case that the defendant, Andy Sixo, on or since the first day of March, 1915, brought or carried into Monongalia County, in West Virginia, or from one place to another within said county in said State, two quarts of whiskey, two quarts of rum and four pints of beer and that said liquor was seized while in the possession of the defendant, in said county, and that there was pasted on the side of a basket containing said liquor a piece of paper on which was written, in the English language, but not in large display letters, the words and figures, '4 Qts. whiskey, 2 Qts. rum, 4 pts. beer', then they must find the defendant guilty as charged in the indictment'', is erroneous.   (p. 252).

9.   SAME—*Prosecution—Instructions—Burden of Proof.*

An instruction, as applied to the facts in this case, which tells the jury that if they believe from the evidence ''that said written statement truthfully and correctly stated the contents of said basket and quantity and kind of liquors contained therein, and that said statement was in large display letters, still the possession of said quantity of whiskey by the defendant, at the time the same was seized, in said county, is prima facie evidence that the defendant at the time aforesaid, in the county aforesaid, did unlawfully sell, store and keep intoxicating liquors, and then the burden of proof is upon the

defendant in this case to overcome such prima facie case'', is erroneous.   (p. 252).

10.  CRIMINAL LAW—*Evidence—Opinions—Admissibility.*

The opinion of witnesses should never be received in evidence if all the facts can be ascertained and made intelligible to the jury, or if they are such as men in general are capable of comprehending and understanding.  The general rule is that witnesses must testify to facts, and not to opinions.  (p. 254).

11.  SAME—*Appeal—Presentation   Below—Examination   of   Witness— Answer to Questions.*

An exception taken upon the trial, to the refusal of the court to permit a question propounded to a witness to be answered, will not be considered by the appellate court unless the expected answer was disclosed to the court at the time of the ruling.  The appellate court in reviewing the judgment on writ of error, can not assume in such case that an answer favorable to the exceptor would have been given. (p. 254).

Error to Circuit Court, Monongalia County.

Andy Sixo was convicted of violating the prohibition law, and brings error.

Reversed, and new trial awarded.

*Van A. Barrickman,* for plaintiff in error.

*Fred O. Blue* and *Jno. T. Simms,* for the State.

MASON, JUDGE:

At the April term 1915, of the circuit court of Monongalia County, Andy Sixo was indicted, charged with unlawfully manufacturing, selling, offering, keeping, storing and exposing for sale and soliciting and receiving orders for liquors, and absinthe and drink compounded with absinthe, in violation of section 3, chapter 13, acts of the Legislature of 1913. He appeared and moved to quash the indictment, which motion was overruled.  The indictment is in the form prescribed by the said act, section 3.

The defendant then moved the court to require the prosecuting attorney to file a bill of particulars, which motion was overruled.  The defendant pleaded not guilty, and issue was thereon joined.  The case was submitted to a jury, and verdict of guilty returned.  The defendant moved the court to set aside the verdict and grant him a new trial.  The court re-

fused to set aside the verdict, and entered judgment against
defendant.  To the order of the court in refusing to set aside
the verdict and grant a new trial, and entering judgment,
the defendant excepted.  The verdict is certified by Bill of
Exceptions No. 1.  The defendant also complains of two
instructions given the jury by the court, on behalf of the State,
over his objection.  These instructions are made part of the
record by Bill of Exceptions No. 2.  The defendant further
complains that the court erred in admitting certain evidence
at the instance of the State, and in refusing to admit other
evidence at the instance of the defendant, certified in Bill of
Exceptions No. 3.

The facts as they appear from the record are, that on the
first day of April, 1915, the defendant was at the B. & O.
R. R. Co's. depot at Morgantown, in Monongalia County, and
had in his possession "a split basket with two bottles of
whiskey, quarts, two quarts of rum, and four pints of beer.
He had a label pasted on the side of the basket in writing."
The basket was covered with paper, but the bottles in the
basket could be seen through this covering.  It is agreed by
counsel that the label on the basket reads, "4 qt whiskey 2
qt rum 4 qt beer.  For personal use."  The size of the label
on the basket, as testified to by witnesses for the State, is
six inches by 2-3/4 inches; the height of the highest letter 3/4
inch, the lowest and smallest letter is 1/8 inch.  This measure-
ment was made by a witness in the presence and view of the
jury.  The writing was in English.  This is the substance of
all the evidence submitted by the State.  The defendant was
examined as a witness in his own behalf.  He admits having
in his possession at the railroad station, at the time mentioned,
the basket containing the liquors, marked or labeled as stated,
but says he was on his way from Point Marion, Pennsylvania,
where he purchased the liquors, and says: "Wanted to drink
it myself; wanted to keep it.  Work too hard and after work
drink some."  He was then asked this question: "Did you
intend to sell, offer, keep, store or expose for sale or solicit
or receive any order—sell it?"  The State objected to this
question, and the court refused to permit the witness to
answer, to which ruling the defendant excepted.  It does
not appear what the answer would have been had the witness

been permitted to answer. These are all the material facts proved by the State or the defendant.

There is no direct evidence that the defendant sold or offered for sale any of the liquors in his possession. The evidence is insufficient to authorize a verdict for keeping, storing or selling liquors, unless it may be said that the possession of the liquors under the circumstances, justified the jury in so inferring. The trial court seemed to be of opinion that this might be done by authority of the act of the Legislature of 1915, ch. 7, sec. 31, amending chapter 13 of the acts of the Legislature of 1913, and gave to the jury the following instructions, over the objection of the defendant:

"No. 1, The jury are instructed that under the laws of the State of West Virginia it is unlawful for any person to bring or carry into the State or from one place to another within the State, even when intended for personal use, liquors exceeding in the aggregate one-half of one gallon in quantity, unless there is plainly printed or written on the side or top of the suit case, trunk or other container (which includes a basket) in large display letters, in the English language, the contents of the container, or basket, and the quantity of liquor contained therein, and if such statement does not truthfully show the contents of such container, 'in large display letters', the liquors in possession of the defendant shall be conclusive evidence of the unlawful keeping, storing, and selling of liquors by the defendant having such liquors in his possession."

"No. 2, If the jury believe from the evidence in this case that the defendant, Andy Sixo. on or since the first day of March. 1915, brought or carried into Monongalia County, in West Virginia, or from one place to another within said county in said State, two quarts of whiskey, two quarts of rum and four pints of beer and that said liquor was seized while in the possession of the defendant, in said county, and that there was pasted on the side of a basket containing said liquor a piece of paper on which was written, in the English language, but not in large display letters, the words and figures, '4 Qts. whiskey, 2 Qts. rum, 4 pts. beer', then they must find the defendant guilty as charged in the indictment, and if the jury further believe that the said written statement

truthfully and correctly stated the contents of said basket and the quantity and kind of liquors contained therein, and that the said statement was in large display letters, still the possession of said quantity of whiskey by the defendant, at the time the same was seized, in said county, is prima facie evidence that the defendant at the time aforesaid in the county aforesaid, did unlawfully sell, store and keep intoxicating liquors, and then the burden of proof is on the defendant in this case to overcome such prima facie case."

These instructions are based on said section 31, chapter 7, of the acts of 1915. This section creates a new and substantive offense. It is made a misdemeanor under this section "for any person to bring or carry into the state, or from one place to another within the state, even when intended for personal use, liquors exceeding in the aggregate one-half of one gallon in quantity, unless there is plainly printed or written on the top or side of the suit case, trunk or other container in large display letters, in the English language, the contents of the container or containers, and the quantity and kinds of liquors contained therein." The punishment for such violation is the same as prescribed by section 3, chapter 13, of the acts of the Legislature of 1913, and in addition thereto the liquors in possession of "the person violating this section may be seized and shall be conclusive evidence of the unlawful keeping, storing and selling of same by the person having such liquors in his possession."

But it is insisted by counsel for plaintiff in error that said section 31 of chapter 7, of the acts of the Legislature of 1915, is unconstituional and void. Counsel argues at great length to prove that the Legislature could pass no valid act making it an offense for a person to have in his possession liquors, unless for some improper purpose. The case of the *State* v. *Gilman*, 33 W. Va. 146, is cited, among others, and relied upon as sustaining this contention. This court held in *State* v. *Gilman* that a statute "which provides that no person without a state license therefore shall keep in his possession, for another, spirituous liquors, etc., is unconstitutional and void." Under the statute involved in that case it was made unlawful for any person without a state license therefor, to keep in his possession for another, spirituous liquors, but sec.

31, ch. 7, supra, now under discussion, only makes it "unlawful for any person to bring or carry into the state, or from one place to another within the state, even when intended for personal use, liquors exceeding in the aggregate one-half of one gallon in quantity, unless there is plainly printed or written on the side or top of the suit case, trunk or other container, in large display letters, in the English language, the contents of the container or containers, and the quantity and kind of liquors contained therein." ' This statute does not prohibit a person from having in his possession liquors for personal use, when properly marked or labeled. The prohibition of the mere possession of intoxicating liquors, and a reasonable regulation requiring them to be marked or labeled when brought into the state or carried from one place to another within the state, are quite different things. The case of *State* v. *Gilman, supra,* is authority for the proposition that a statute prohibiting the keeping of liquors by one person for another, without a state license therefor, is unconstitutional and void, under the constitution then in force; but it does not follow that the Legislature in the exercise of the police power, may not provide reasonable regulations as to the conditions upon which intoxicating liquors may be brought into the state, or carried from one place to another within the state.

Since the case of *State* v. *Gilman* was decided, the constitution of the state has been amended. The constitution as amended prohibits the manufacture, and keeping for sale of malt, vinous and spirituous liquors, etc., and requires the Legislature to "enact such laws, with regulations, conditions, securities, and penalties as may be necessary to carry into effect the provisions of this section." This amendment became effective July 1, 1914. It is the duty of the Legislature to enact such laws as may be necessary to make effective this provision of the constitution as amended. The Legislature, responsive to this requirement of the constitution, has deemed it wise to require liquors brought into the state, or carried from one place to another within the state, in quantities of one-half gallon or more, to be marked or labeled. Whether or not this is a wise policy is not for the courts to determine. If the Legislature has not exceeded its powers, the courts can

not interfere. The courts may decide whether or not the Legislature had the power to establish these regulations, but they can not prescribe the policy, if within the legislative limits; this would be to subordinate the will of the Legislature to the opinion of the courts.

The regulations provided for in said section requiring liquors brought into the state, or carried from one place to another within the state, exceeding in the aggregate one-half of one gallon in quantity, to be marked or labeled, do not seem to be unreasonable, or as imposing any hardship upon persons who do not wish to violate the law. In a well considered case of *Purity Extract and Tonic Co.* v. *Lynch,* 226 U. S. 192, Mr. Justice Hughes wrote a very able opinion and said: "It is also well established that, when a State exercising its recognized authority undertakes to suppress what it is free to regard as a public evil, it may adopt such measures having reasonable relation to that end as it may deem necessary in order to make its·action effective. It does not follow that because a transaction separately considered is innocuous it may not be included in a prohibition the scope of which is regarded as essential in the legislative judgment to accomplish a purpose within the admitted power of the Government." We are clearly of opinion that the portion of said section 31, now under consideration is within the legislative power. We shall in another part of this opinion discuss another part of this section; but as the parts of this section are separable, this part may stand, notwithstanding the other part is void.

Then the fact should be borne in mind that the defendant is not charged with a violation of said section 31. He is charged with a violation of section 3. Before he could be convicted on the indictment under which he was tried, there would have to be full proof of his guilt. The evidence relied upon to prove the allegations of the indictment was the fact of the possession of the liquors at the time and place and under the circumstances stated. Of course evidence of the fact of the possession of the liquors, together with the question as to whether it was properly labeled, might go to the jury as a circumstance, in connection with the other evidence in the case, *State* v. *Kiger,* 63 W. Va. 450; but these facts alone would not justify the court in instructing the jury, as

77 W. Va.

was done in substance in the case at bar by Instruction No. 1, that liquors in possession of a person in violation of said section 31 "shall be conclusive evidence of the unlawful keeping, storing, and selling of liquors by the defendant having such liquors in his possession."

Following this instruction, all the State would have to prove, in addition to proving the time and place, upon the trial of an indictment charging a person with unlawfully keeping, storing or selling intoxicating liquors, would be the possession of the liquors in the quantities named and that they were not marked or labeled as required by this act. The possession of the liquors in quantities of more than one-half of one gallon not labeled as required by this act by the defendant at the time and place alleged in the indictment, would have to be accepted by the jury as conclusive evidence of the keeping, storing and selling. There is no such relation between the act of having the liquors in possession under these circumstances, and the act of unlawfully keeping, storing and selling the same, as would make such possession conclusive evidence of keeping, storing or selling. This would be to make one act proof of the act for which the defendant was being tried, without permitting him to prove that he did not commit the unlawful act charged. Under such circumstances, a person might be convicted without due process of law. It has been truly said, that "closing the mouth of a person when he comes into court has the same effect as depriving him of his day in court to vindicate his rights." We are clearly of opinion that so much of said section 31 as relates to liquors in the possession of any person violating this section, and providing that the liquors in possession of such person "shall be conclusive evidence of the unlawful keeping, storing and selling of the same by the person having such liquors in his possession", is unconstitutional and void.

But this clause is not so connected with the other parts of the section as to make the other parts inoperative. "Part of an act may be inoperative and void, and part of it operative, but this can only be when the parts are not connected." *Eckhart* v. *The State*, 5 W. Va. 515. "Though one provision of a statute is repugnant to the constitution, yet if it is distinct in operation from the balance, that provision will be

ignored, and the balance stand good." *State* v. *King,* 64 W. Va. 546. "If, when the unconstitutional portion is stricken out, that which remains is complete in itself, and capable of being executed in accordance with the apparent legislative intent, wholly independent of that which was rejected, it must be sustained." Cooley on Constitutional Limitations (7th ed.), 246.

The second instruction contains two propositions:

(a). By the first paragraph of the instruction the court tells the jury that if they "believe from the evidence in this case that the defendant, Andy Sixo, on or since the first day of March, 1915, brought or carried into Monongalia County, in West Virginia, or from one place to another within said county in said State, two quarts of whiskey, two quarts of rum and four pints of beer and that the said liquor was seized while in the possession of the defendant, in said county, and that there was pasted on the side of a basket containing said liquor a piece of paper on which was written, in the English language, but not in large display letters, the words and figures, '4 Qts. whiskey, 2 Qts. rum, 4 pts. beer', then they must find the defendant guilty as charged in the indictment." That is to say that unless the label, otherwise in legal form, was written "in large display letters" the jury must find the defendant guilty as charged in the indictment. In giving this instruction the court evidently overlooked the fact that the defendant was being tried for a violation of section 3, not section 31,—two quite different offenses. It is not perceived how such violation of this provision of section 31, would make it obligatory on the jury to find the defendant guilty of a violation of section 3. There is no such connection between the two propositions as would justify this conclusion.

(b). In the second paragraph of this instruction the court tells the jury that if they "further believe that said written statement truthfully and correctly stated the contents of said basket and the quantity and kind of liquors contained therein, and that said statement was in large display letters, still the possession of said quantity of whiskey by the defendant, at the time the same was seized, in said county, is prima facie evidence that the defendant at the time aforesaid, in the county aforesaid, did unlawfully sell, store and keep intoxi-

cating liquors, and then the burden of proof is upon the defendant in this case to overcome such prima facie case." Under this instruction, if the defendant was found carrying this liquor, properly labeled and marked, in compliance with the law, the mere possession under such circumstances is prima facie evidence that he "did unlawfully sell, store and keep intoxicating liquors," and the burden of proof is on the defendant to overcome such prima facie case.

Section 7 of chapter 13, as amended by the acts of 1915, says: "provided, however, that nothing contained in this section shall prevent one, in his home, from having there and giving to another intoxicating liquors when such having or giving is in no way a shift, scheme or device to evade the provisions of this act; but the word "home" as used herein, shall not be construed to be one's club, place of common resort, or room of a transient guest in a hotel or boarding house." Under this proviso, a person may lawfully have intoxicating liquors in his home for personal use, subject to the restrictions named. But if this instruction properly propounds the law, a person who is found in possession of a package containing intoxicating liquors, although properly labeled and marked, would be prima facie guilty of selling, storing and keeping intoxicating liquors in violation of the law. It will not do to say that a person shall be prima facie guilty of an offense for doing what he has the lawful right to do. Any one has the right to keep intoxicating liquors in his home for personal use; and having the right to keep them, he must have the right to take them there, under reasonable regulation; and if the State has reason to believe that such liquors are being kept as a shift, scheme or devise to evade the provisions of this act, the burden in the first instance is on the State, by some proper evidence, to show this. We are of opinion that the court erred in giving both of these instructions.

There is no error in refusing to require the state to file a bill of particulars. The indictment is sufficient to inform the defendant fully and plainly "of the character and cause of the accusation." If it did not give this information, a motion to quash should be sustained. If for any reason the defendant had deemed it necessary to be more fully informed of the

character and cause of the accusation against him, his motion should have been made before pleading and supported by affidavit showing the necessity for such additional information. No such affidavit was filed; hence it was not error to refuse to require the prosecuting attorney to file bill of particulars. If such affidavit had been filed in time, and it had appeared that it was necessary for the defendant to have the information asked for, and it was refused, this would be reversible error. *State* v. *Railroad Co.,* 68 W. Va. 193; *State* v. *Lewis,* 69 W. Va. 472.

It is contended by plaintiff in error that the court erred in admitting evidence over the objection of the defendant, and he refers to the following question asked witness E. E. White: "Refering to the piece of paper pasted on the outside of the basket, you may state whether or not, in your opinion, the words and figures appearing thereon are printed or written in large display letters in the English language"? The defendant by counsel objected to this question. The objection was overruled, and exception taken. The witness answered: "I do not think so." It is said in criticism of this question and answer that it is opinion testimony about a fact as to which the witness is not shown to have any special knowledge not possessed by the jurors. "The opinion of witnesses should never be received in evidence if all the facts can be ascertained and made intelligible to the jury, or if they are such as men in general are capable of comprehending and understanding." "The general rule is that witnesses must testify to facts, and not to opinions. They must only state facts, not draw conclusions or inferences. To do so is to invade the province of the jury." *State* v. *Musgrove,* 43 W. Va. 672. "A witness should not be asked a question, the answer to which involves an application of the law to the facts and calls for his opinion upon the point at issue between the plaintiff and the defendant." *Life Ins. Co.* v. *Hairston,* 108 Va. 832. The labeling and the lettering thereon had already been submitted to the view of the jury. The jurors could see and determine for themselves the size and character of the letters used. We are of opinion that the court erred in permitting the witness to answer this question.

The plaintiff in error also contends that the court erred in

refusing to permit him while a witness to answer the following questions: "Did you intend to sell, offer, keep, store or expose for sale or solicit or receive any orders—sell it?" "Did you keep, store or offer for sale any liquors on April 1st, 1915, or any other time before or since, in Monongalia County, West Virginia?" These questions were objected to by the State, and objections sustained by the court, to which ruling of the court the defendant excepted. It is not perceived why the defendant should not have been permitted to answer these qustions. The indictment charged that he did unlawfully manufacture, sell, offer,. keep, store and expose for sale and solicit and receive orders for liquors. The only evidence against him was the possession of these liquors under the circumstances hereinbefore stated, and it would seem that the witness should have been permitted to say whether or not he intended to sell them. True, he had already said, "Wanted to drink it myself; wanted to keep it. Work too hard and after work drink some." Yet, under the circumstances he should have been permitted to say whether or not he intended to sell them. But the exception is not well taken for the reason that it does not appear what the answer to these questions would have been. The expected answer should have been disclosed to the court at the time of the ruling. "An appellate court, in reviewing a judgment on writ of error, cannot assume, in such case, that an answer favorable to the exceptor would have been given." *State* v. *Clifford,* 59 W. Va. 1, syllabus 9.

For the foregoing reasons we are constrained to reverse the judgment of the circuit court refusing to set aside the verdict and entering a judgment thereon. The case will be remanded to the circuit court of Monongalia County for a new trial.

*Reversed, and new trial awarded.*