# CHARLESTON.

STATE v. FISHER *et al.*

Submitted February 12, 1918.   Decided February 26, 1918.

INTOXICATING LIQUORS—*Offenses—Indictment—Proof.*

> If the accused be indicted and tried for the offense prescribed by section 3, chapter 32A, Barnes Code, 1916, and not of the separate and distinct offense prescribed by section 31 of said chapter, proof of the possession of intoxicating liquors in violation of the latter section is not conclusive evidence of the guilt of the accused of the offense charged in the indictment. Re-affirming *State* v. *Sixo,* 77 W. Va. 243.

Error to Circuit Court, Mason County.

Omie Fisher and others were convicted of offenses under the liquor laws, and they bring error.

*Reversed, verdict set aside, and new trial awarded.*

*B. H. Blagg,* and *Somerville & Somerville,* for plaintiffs in error.

*E. T. England,* Attorney General, and *Henry A. Nolte,* Assistant Attorney General, for the State.

MILLER, JUDGE:

The indictment charged that defendants, within one year next prior to the finding thereof, in the County of Mason, did unlawfully manufacture, sell, offer, keep, store, and expose for sale and solicit and receive orders for liquors, absinthe and drink compounded with absinthe against the peace and dignity of the State.

Upon their trial both defendants were by the jury found guilty as charged, and the judgment on the verdict, now complained of, was that they each pay a fine of one hundred dollars and be confined in the county jail for the term of two months and that during such confinement they should work on the roads of the county as required by law.

The state made no attempt to prove any act of manufacture, sale, offering, keeping, storing or exposing for sale, or the soliciting or receiving of orders for liquors by defendants. The evidence was that defendants were found and arrested in a coal car of a south bound freight train of the Kanawha and Michigan Railway, originating at some point in Ohio, and bound for Charleston, West Virginia, just as said train had crossed the Ohio River bridge and was approaching the passenger station at Point Pleasant; that they were found in company with a third person, who made good his escape from arrest, and who the evidence showed had purchased the whiskey found at Gallipolis, Ohio, and which he had taken in an automobile to a station on said railway in Ohio, and with whom defendants at his request had ridden to said railway station, and there loaded the same into the car on which they were all found; and the evidence of the officers making the arrest was that one or all of the three when asked, acknowledged the liquor to be theirs. Both defendants, however, denied this and denied ownership or possession of the liquor, swore they were strangers to the owner, and that they had no part or concern in buying or bringing the liquors into the state, except to ride with the owner from Gallipolis to the railway station and to assist him in loading it into the coal car. Both swore they were residents of Charleston; that they had gone to Gallipolis the day before to get liquor to drink, and only fell in with the owner of the liquor accidentally after arriving there, when after having spent their money, or the money of one of them, they were endeavoring to get back home. Other facts were also shown tending in some degree to connect the defendants with the possession and project of importing the liquors into the state, but sufficient has been detailed to show what facts the state relied on for conviction and the relevancy of the instructions to the jury

given and refused, and which are the subjects of the errors relied on for reversal.

The only instruction requested on behalf of the state and given as requested told the jury that it was unlawful for any person to bring or carry into this state or from one place to another within this state, even when intended for personal use, liquor exceeding in the aggregate one half of one gallon in quantity, unless there is plainly printed or written on the side or top of the container, in large display letters, in the English language, the contents of the container and the quantity and kind of liquors contained therein; and that if they believed from the evidence beyond a reasonable doubt, that defendants did bring or carry into the state, or from one place to another therein liquors exceeding in the aggregate the amount prescribed by the statute, and without compliance with the provisions of the statute in such cases provided they should find them guilty.

And the court refused to tell the jury as requested by defendants' instructions numbered one and two tendered, that the possession of said liquors, if they should find they had possession thereof according to the theory of the state, did not constitute conclusive evidence of their guilt of the offense charged in the indictment, nor of the unlawful keeping, storing and selling thereof.

The rulings of the court on said instructions given and refused present the identical questions decided adversely to the contentions of the state in the recent case of *State* v. *Sixo*, 77 W. Va. 243, 87 S. E. 267. And as in that case so in this the defendants were indicted under section 3, chapter 32A, Barnes Code 1916, not section 31, of said chapter. In the Sixo Case we decided that evidence of the possession of liquors as described in said section 31 was competent to go to the jury as a circumstance in connection with all the other evidence on the question of the guilt of the accused of the offense charged in the indictment, but we also held that so much of said section 31, as made possession by defendants of such liquors "conclusive evidence of the unlawful keeping, storing and selling" thereof, to be unconstitutional and void. Manifestly, therefore, state's instruction number one was er-

roneous, and defendants' instructions numbered one and two should have been given.

For these reasons we reverse the judgment, set aside the verdict, and award the defendants a new trial.

*Reversed, verdict set aside, and new trial awarded.*