# CHARLESTON.

STATE *v.* JIM GILL

(No. 5425.)

Submitted March 2, 1926.   Decided March 23, 1926.

1.  RAPE—*To Sustain Conviction For Attempted Rape, There Must be Proven Beyond Reasonable Doubt Specific Intent to at Once Accomplish Offense, and Overt Act in Pursuance Thereof.*

    To sustain a conviction for attempted rape two things must be proven beyond a reasonable doubt—the specific intent to

at once accomplish the crime, and an overt act in pursuance of such intent.    (p. 244.)

(Rape, 33 Cyc. p. 1493.)

2.  SAME—*Improper Advances and Indecent Liberties do Not Necessarily Imply Specific Intent to Commit Rape, so as to Justify Conviction for Attempted Rape.*

Improper advances and indecent liberties do not necessarily imply such intent.    (p. 244.)

(Rape, 33 Cyc. p. 1431.)

3.  SAME—*When Improper Advances Are Terminated on Mere Request of Prosecutrix, Such Desistance Should Weigh Heavily in Favor of One Accused With Assault With Intent to Commit Rape.*

When improper advances, made at a time and place when the prosecutrix is within the power of her assailant, are not met with unusual resistance or checked by outside interference, but are terminated upon the mere request of the prosecutrix, such desistance should weigh heavily in favor of the accused.    (p. 245.)

(Rape, 33 Cyc. p. 1495 [Anno].)

4.  CRIMINAL LAW—*When Several Inferences May be Drawn From Evidence, Jury Should Not Adopt One Most Unfavorable to Accused, Unless Those More Favorable Are Untenable Under All Facts and Circumstances of Case.*

When several inferences may be drawn from evidence, the jury should not adopt the one most unfavorable to the accused, unless those more favorable are untenable under all the facts and circumstances of the case.    (p. 245.)

(NOTE:  Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Error to Circuit Court, Marion County.

Jim Gill was convicted of an attempt to commit rape, and he brings error.

*Judgment reversed; verdict set aside; new trial awarded.*

*Howard B. Lee,* Attorney General, and *J. Luther Wolfe,* Assistant Attorney General, for the State.

*C. L. Johnston* and *Willis & Ball,* for plaintiff in error.

HATCHER, JUDGE:

This case comes from the criminal court of Marion County, where the defendant, a married man about thirty years of

age, was found guilty of an attempt to commit rape on Gladys Hibbs, a girl fourteen years old.

The evidence of Gladys is that she and the defendant were alone for about fifteen minutes in an automobile, with the lights turned off, one dark night near midnight, on a country road, during which period the defendant held her in his arms; that he put one hand under her dress; that she told him to stop and he did stop; that he did *not* "get hold" of her body or any part of her person; that he did not say what he was trying to do; and that he did not try to have sexual intercourse with her.

In an attempt to commit rape, two things must clearly appear—the specific intent and an overt act. The intent cannot depend on mere speculation. It must be clearly shown. *In re Lloyd,* 51 Kan. 507. "To sustain conviction for assault with intent to commit rape, such intent at the immediate time of the alleged assault is an imperative necessity and must be proven." *Huebsch* v. *State* (Tex.) 251 S. W. 1079, 33 Cyc. 1434 (g). The overt act must be one which directly tends to and demonstrates a present intention to at once accomplish the intercourse—it must be the "procuring or instrumental means of accomplishing or carrying out the completed act." *Cromeans* v. *State* (Tex) 129 S. W. 1129. The careful judge who wrote the opinion in the Cromeans case further characterized the act as one which "under the circumstances of the particular case demonstrates a present intent to at once subject her to his will, she consenting or not, as that he may then at the very time have carnal intercourse with her." In the present case we find no solicitation or remark of any kind by defendant which explains his purpose. His intention must be gathered solely from his acts. Did holding the prosecutrix in his arms and putting his hand under her dress (but not touching her person) unmistakeably demonstrate a present intention on his part to then and there have carnal knowledge of the girl whether she consented or not? If so, why did he not complete his plan? He evidently had the girl in his power. The evidence discloses nothing to prevent or interfere with him during the period he and the girl were alone. If he had schemed all day to bring about an opportunity to attack

the girl, as the State contends, it is unreasonable that he would have abandoned his purpose and desisted from his efforts until he had met with at least some physical resistance. Yet he stopped his improper advances upon the mere request of the girl that he do so. Lust strong enough to drive a man to attempt a crime so serious is not so easily balked. The Florida court has gone so far as to hold that "A conviction of the crime of assault with intent to commit rape will not be sustained upon proof that the assailant voluntarily desisted before the consummation, without any outside interferences and with no unusual resistance on the female's part.". *Sparkman* v. *State,* 84 Fla. 151. We doubt the application of the Florida rule to all such cases, preferring as safer a rule that when improper advances terminate upon a mere request, when not met with unusual resistance, at a time and place when the female is apparently in the power of her assailant, such desistance should "weigh much in his favor". . *Lewis (a Slave)* v. *State,* 35 Ala. 380. The advances of defendant were improper and the liberties he took with the girl were indecent; but it is established law that improper advances and indecent liberties do not necessarily imply an attempt to know a female carnally. "The intent is the gist of the offense, and every laying on of hands upon a female under the age of consent, even though improper, does not necessarily imply an intent to have sexual intercourse. Indecent liberties may be taken with a child without any such intent." *People* v. *Dowell,* 136 Mich. 306 (309); *People* v. *Sheffield,* 105 Mich. 117, 33 Cyc. 1493 (1).

We recognize the province of the jury to pass on the facts. But when more than one deduction may be drawn from the evidence, the jury is not warranted in adopting the inference most unfavorable to defendant, unless those more favorable are unreasonable. "Though it is the province of the jury to find the facts, they may not deduce from a given or admitted state of facts the more unfavorable deduction unless the favorable deduction is excluded as unreasonable." . *Cromeans* v. *State, supra; Stark* v. *Com.,* 116 Va. 1039.

The inferences more favorable to defendant are that his acts merely manifested a prurient mind, or were for the pur-

pose of ascertaining the attitude of the prosecutrix towards a lascivious embrace. These inferences are not unreasonable. In fact they are more consistent with reason than the deduction that his conduct was intended to be the "immediate means of subjecting her to his will."

Acts tending to show a criminal assault on a child are so revolting that it is difficult for the average jury to give the one accused the benefit of a reasonable doubt. Yet a defendant in such a case is just as much entitled to that benefit as he would be under any other criminal charge. In discussing the evidence relating to a charge of attempted rape in the Lewis case, *supra,* the Alabama court held in regard to Lewis, even though a slave, "To justify his conviction, however, the jury must be satisfied, beyond a reasonable doubt, that such was his purpose, and that his attempt had this extent."

The reports are replete with cases, in which the conduct of the defendants was even more contemptible than that of Gill, and in which the liberties taken were far more indecent than those taken by him, but wherein convictions were not sustained. See cases already cited, and *Stoker* v. *State* (Tex) 245 S. W. 444; *Anderson* v. *State,* 77 Ark. 37; *Commonwealth* v. *Merrill* (Mass.) 14 Gray, 415; *State* v. *Perkins,* 31 S. D. 447, 141 N. W. 364; *State* v. *Riseling,* 186 Mo. 521, 85 S. W. 372.

Holding that the facts proven do not sustain the verdict, we deem it unnecessary to discuss the other assignments of error.

The judgment of the lower court will accordingly be reversed, the verdict of the jury set aside, and a new trial awarded the defendant.

*Judgment reversed; verdict set aside; new trial awarded.*