# CHARLESTON.

## STATE v. MARY KELLY

### (No. 6128)

Submitted January 31, 1928.   Decided February 7, 1928.

CRIMINAL LAW—*When Two Inferences Equally Plausible May be Drawn From Evidence, Jury May Not Adopt One Unfavorable to Accused.*

When two inferences, equally plausible, may be drawn from evidence, the law does not permit the jury to adopt the one more unfavorable to the accused.   Point 4 Syl. *State* v. *Gill,* 101 W. Va. 242.

(Criminal Law, 16 C. J. § 1568.)

(NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Error to Circuit Court, Marshall County.

Mary Kelly was convicted of the possession of moonshine liquor, second offense, and she brings error.

*Judgment reversed; verdict set aside; new trial awarded.*

*J. Howard Holt,* for plaintiff in error.

*Howard B. Lee,* Attorney General, and *W. Elliott Nefflen,* Assistant Attorney General, for the State.

HATCHER, JUDGE:

The defendant, Mary Kelly, was found guilty under an indictment charging possession of moonshine liquor and also a former conviction for a like offense.   She was sentenced to serve a term of three years in the penitentiary.

The witnesses for the State as to the possession were offi-

cers who testified that they raided the house of Charley Ash in the city of Moundsville; that the defendant is the sister of Ash and resided with him; that when they entered the house, she grabbed a can containing moonshine liquor off the floor and emptied it into the sink; that she also picked up a jug from the floor and ran with it into another room; that they subsequently found a jug in a wardrobe, and that it contained several spoonfuls of liquor.

Mary denied handling the can or the jug. Ash swore that the liquor in the jug and the can belonged to him, and that he emptied both before the officers entered the house. The jury quite evidently concluded that Ash, as well as the lady, did *protest too much.*

The house in question, however, was rented by Ash; his family resided there; he was the legal head of that household, and therefore the law presumes that the liquor found in his house was in his exclusive possession. *State* v. *Zink,* 102 W. Va. 619; *State* v. *Symanski,* 104 W. Va. 231, 139 S. E. 742. The evidence of the State to rebut that presumption consists entirely of the inferences to be drawn from the attempt of the defendant to get rid of the liquor. She assuredly would have made that attempt as quickly to shield her brother as herself. Consequently, her conduct is susceptible of two explanations, each equally plausible. In such an instance the law does not permit a jury to adopt the theory more unfavorable to the accused. *Cromeans* v. *State,* 59 Tex. Cr. R. 611; *Starke* v. *Commonwealth,* 116 Va. 1039; *State* v. *Cremeans,* 62 W. Va. 134; *State* v. *Gill,* 101 W. Va. 242; *State* v. *Johnson,* .... W. Va. ......., 140 S. E. 532. This ruling is simply an exemplification of the law of reasonable doubt. Of little use to proclaim that law in a thousand decisions, if its practical application is to be refused in a case like this, where the evidence raises only a suspicion of guilt and fails to exclude a reasonable hypothesis of innocence. 33 C. J. sec. 505, p. 761; *State* v. *Hunter,* 103 W. Va. 377.

The presumption that Ash was in possession of the liquor is not overcome and the verdict is without support. It is therefore unnecessary to review the other errors charged by defendant.

The judgment of the lower court will be reversed, and the verdict set aside.

*Judgment reversed; verdict set aside; new trial awarded.*