# CHARLESTON.

State *v.* C. P. Snider *et al.*

(No. 6120)

Submitted October 30, 1928.  Decided November 13, 1928.

*R. F. Kidd,* for plaintiffs in error.

Woods, Judge:

From a conviction in the circuit court of Gilmer county upon a charge of unlawful possession of intoxicating liquor, the defendants—a prosperous farmer, owning several hundreds of acres of land, and his son—bring error. The state

made no appearance in this Court in defense of the judgment.

Trial testimony showed that the two quarts of liquor involved in this case were concealed in the woods on the father's farm at a point shown to be, according to actual measurement, 570 feet away from the dwelling house; that the containers thereof were found near an old log and were covered over with leaves; that the dwelling and the woods were both contiguous to the state highway; that the woods being close to the Town of Glenville was a favorite resort for hunters; and that the point where the liquor was found was easily accessible to others without the owner's knowledge or consent. The discovery of this liquor was the result of a careful search of some forty or more acres of land after the officers had failed to find any evidence within the curtilage, except the presence of a copper can, which they explained might, with other proper fittings, be used in making liquor. The presence of this can on the farm, and its use, are, we believe, satisfactorily accounted for, not only by the family, but by disinterested witnesses. For some time after this can was found and brought to the house by two of the younger children, it commanded a position on the cellar walk near a much frequented well and in sight of the public road, and, according to the members of the family, was at the time of the search being used in transporting crude oil from an oil well on a neighboring farm. While one of the officers making the search states that the wife of the household told her son ''to go and throw that old can out of there [the smoke house] that they [the officers] might make some trouble out of it'', this loses its force in view of the fact that the alleged statement was made at a time when she was filled with apprehension and alarm at the sudden descent upon the place by the officers.

Is the verdict sustained by sufficient evidence? Can we say that the jury was justified in finding beyond all reasonable doubt that the defendants had unlawful possession of the liquor? In the prosecution for unlawful possession of moonshine liquor, evidence is sufficient if it shows that defendant owned or had dominion or control over it. *State* v. *Danser,* 105 W. Va. 495. This of itself imports a knowledge of the existence of the article on the part of the accused, for it would

be untenable to hold that liquor found on a man's farm conclusively established guilt of unlawful possession. If so, any one might find himself in the position of a criminal because a stranger had left on his farm, temporarily or otherwise, with or without evil design, a container having liquor in it, without the knowledge or consent of the owner of such property. The same thing might happen with reference to receiving stolen goods or having in possession burglary tools. It is perfectly plain that the possession of liquor which is made unlawful is the possession under some claim or right, control, or dominion with knowledge of the facts. Defendants deny any knowledge whatsoever of the existence of the liquor or of its presence on the farm, and state further that they never had made or kept any there. As bearing on their want of knowledge, and therefore on possession, evidence was introduced to the effect that the contraband found secreted in the woodland, which was open to others, might have been placed there by some person other than the defendants.

Possession, however, like any other fact, may be established by circumstantial evidence; but where such evidence is relied on for conviction, it must be of such a character that it leads to but one fair and reasonable conclusion, pointing to the defendant to the exclusion of all others as the guilty person. *State* v. *Hunter,* 103 W. Va. 377. The only facts tending to prove that the defendants owned or had dominion or control over the liquor are that it was found on the farm in a boundary of woods bordering on the public highway, and at a point 570 feet away from the dwelling. No evidence was introduced showing defendants' presence near the hiding place prior to the search, the existence of paths between the latter point and the dwelling, nor any other circumstances from which a knowledge of its presence could be inferred. The state's evidence, in the light of the case made, was not sufficient to meet the burden imposed upon it. Where a criminal case rests on circumstantial evidence alone, such evidence will not support a conviction, if it be as consistent with the innocence of the defendant as with his guilt. *State* v. *Kelly,* 105 W. Va. 124; *State* v. *Johnson,* 104 W. Va. 586; *State* v. *Hunter, supra; State* v. *Counts,* 90 W. Va. 338. In other words,

the evidence did not eliminate every other reasonable hypothesis than that of defendants' guilt.

The judgment of the trial court must for the foregoing reason be reversed, the verdict of the jury set aside and a new trial awarded the defendants.

*Judgment reversed; verdict set aside; new trial awarded.*