# CHARLESTON.

STATE *v.* CLIFFORD PATTERSON

(No. 6804)

Submitted October 21, 1930.   Decided October 28, 1930.

*J. L. Wolfe,* for plaintiff in error.

*Howard B. Lee,* Attorney General, *W. Elliott Nefflen,* Assistant Attorney General, and *Oliver D. Kessel,* Prosecuting Attorney, for the State.

LITZ, JUDGE:

The defendant, Clifford Patterson, was tried, convicted and sentenced to a term of two years in the state penitentiary, upon an indictment charging him and Wayford Rathbun, jointly, with breaking and entering, in the nighttime, a store building belonging to Joe Dunham, with intent to steal.

According to the evidence, the defendant, on the night of

December 26, 1929, in company with Rathbun, Paul Black, Carl Smith and Earnest Barnes, after visiting a number of places in or near the town of Ravenswood started toward his home in North Ravenswood. On the way, they met Hubert Cunningham who picked them up for a short ride in his automobile. After getting out of the car, they continued their course, on foot through North Ravenswood, Patterson and Barnes being intoxicated to such an extent that they were not able to get home alone. Rathbun was ''leading'' the former and Smith and Black were assisting the latter. On reaching the Dunham store, Rathbun and Patterson turned aside. The three others proceeded about thirty yards beyond when Barnes fell or lay down in the snow. Smith and Black, who testify for the state, say they heard a crash, and a short while later, Patterson and Rathbun came from the direction of the store; that Rathbun was carrying some overalls, shirts, a flashlight and a loaf of bread; that Patterson refused to carry any of the goods and threw down a pair of overalls which Rathbun handed him. They then proceeded to a railroad track where Rathbun, after examining the articles, selected a pair of overalls and left the rest on the ground. At this point the party separated, Black going with defendant to his home.

The evidence fails to show that Patterson actually participated in the burglary and proves at most only, that he was present in an intoxicated condition at the time of its commission. ''Merely witnessing a crime, without intervention, does not make a person a party to its commission, unless his interference was a duty and his non-interference was one of the conditions of the commission of the crime; or unless his non-interference was designed by him and operated as- an encouragement to or protection of the perpetrator.'' Wharton's Criminal Law, (11th Ed.), page 316; *State* v. *Johnson,* 104 W. Va. 586.

The judgment is, therefore, reversed, the verdict set aside and a new trial awarded defendant.

*Reversed and remanded.*