STATE OF WEST VIRGINIA *v.* PAUL WOLFE

(No. 7426)

Submitted February 28, 1933. Decided March 14, 1933.

*Guy H. Burnside* and *Anderson W. Hall,* for plaintiff in error.

*H. B. Lee,* Attorney General, and *R. A. Blessing,* Assistant Attorney General, for the State.

WOODS, JUDGE:

Paul Wolfe was tried and convicted on an indictment charging him with owning and operating a moonshine still.

The first two points of error go to the defendant's right to a bill of particulars and the sufficiency of the indictment. It

appears from the order of the court that the motion for a bill of particulars came too late, it having been made after the plea. *State* v. *Sixo,* 77 W. Va. 243, 87 S. E. 267; *State* v. *Hurley,* 78 W. Va. 639, 90 S. E. 109. The indictment was in statutory form (Code 1931, 60-2-9). The motion to quash was therefore properly overruled. *State* v. *Stone,* 109 W. Va. 721, 156 S. E. 80; *State* v. *Sixo, supra.*

This brings us to a consideration of the sufficiency of the evidence. The arrest was made in a boundary of woodland some miles out from Pennsboro, in Ritchie county, on October 23, 1931, about half an hour before dark. Defendant, who claims to have been squirrel hunting, was seated under a tree, about 100 feet from the still, which was in operation. Immediately preceding the arrest, Taylor, sheriff; Shepler, deputy; and Minnick, state trooper, had started up the ravine toward the still, and Lawson and Phillips had made an encircling movement around the hill to the right. Shepler heard someone up over the "hog-back" to his left, and, upon telling Minnick he heard somebody coming over the bank, was directed to go up and head the party off. As Shepler "topped" the bank, he found defendant and another man sitting against a tree. The latter upon seeing the officer, jumped and ran. In the meantime, Minnick had seen a man, resembling defendant in manner of dress, within about fifty feet of the still, and going from the neighborhood of the still in the direction Shepler had gone. At this time, some one on the second ridge from Shepler, started to fire on Minnick and Taylor. The officers returned the fire. Shepler hallooed that he had got his man. Defendant was turned over to Phillips, while Shepler joined the other officers in a fruitless attempt to capture the man who had fired on them. Thereafter, defendant was taken by Shepler to the still and also to the place where several barrels of mash were found, and questioned regarding his presence in the woods.

According to the evidence submitted on behalf of defendant, he, in company with one William Wilson and Carl McClung (brother-in-law), left Clarksburg at three o'clock that morning, and arrived at the woods, where they parked their car, about daybreak; that the three separated, having agreed to meet at the car that evening; that defendant was armed with a double-barrel shotgun, and six shells. Wilson and McClung

after waiting on defendant until after nightfall, proceeded to Clarksburg without him. Wilson stated that he thought defendant had returned with another man from Clarksburg, whom witness had seen in the woods during the day; and that on the following morning, he, having learned that defendant had not returned, took two men with him and drove back to the woods to look for defendant.

Defendant testified that he had stopped to inquire of the "stranger" concerning the way out of the woods; that he had been there about twenty-five or thirty minutes; that he had placed his gun against the tree, beside the stranger's 30/30 caliber Winchester; that the latter grabbed the shotgun when Shepler put in his appearance; that the stranger wore a rifle ammunition belt. Shepler's testimony, however, was that the belt was for shotgun shells; that when he first saw the parties, the stranger had a shotgun between his legs; that a canteen of mash was found on the ground near where the men had been sitting. Shepler had known the defendant for ten years; and identified the stranger as one Raymond Riddle: He seems to have been in error as to the latter's identity since Riddle, who was arraigned the following day, was released after a preliminary hearing.

Defendant relies principally upon the case of *State* v. *Johnson,* 104 W. Va. 586, 140 S. E. 532, wherein this court held that the mere presence of Johnson in the vicinity of the still, and the fact that he ran upon the approach of the officers, was not enough, under the circumstances of the case, to warrant a conviction on a charge of owning and operating a still. That decision was based upon the well-recognized principle of criminal law that where two inferences may be drawn from a circumstance, one of which is favorable and the other unfavorable to an accused, the jury may not adopt the inference against him, where the one in his favor is reasonable under all the evidence in the case.

While ownership and operation may be established by circumstantial evidence, such evidence, if relied on, must be of such character that it leads to but one fair and reasonable conclusion, pointing to the defendant to the exclusion of all others as the guilty person. *State* v. *Snider,* 106 W. Va. 309, 145 S. E. 607; *State* v. *Hunter,* 103 W. Va. 377, 137 S. E. 534.

In other words, circumstantial evidence will not support a conviction, if it be as consistent with the innocence of the defendant as with his guilt.

Is the deduction that the defendant, Wolfe, is innocent reasonable under the circumstances? If so, the defendant was entitled to a verdict of not guilty. *Cromeans* v. *State,* 59 Tex. Cr. R. 611, 129 S. W. 1129; *Starke* v. *Com.,* 116 Va. 1039, 83 S. E. 545; *State* v. *Cremeans,* 62 W. Va. 134, 57 S. E. 405; *State* v. *Gill,* 101 W. Va. 242, 132 S. E. 490; *State* v. *Johnson,* 104 W. Va. 586, 140 S. E. 532; *State* v. *Kelly,* 105 W. Va. 124, 141 S. E. 633.

The fact that defendant did not run supports his statement that he was not acquainted with the woods in that vicinity, and that he had no knowledge of the presence of the still. The state does not attempt to challenge the fact that defendant and his two companions had in fact come out from Clarksburg on the morning indicated. The only dispute in the evidence is in regard to the ownership of the rifle, the type of cartridge belt worn by the stranger, and whether or not defendant was the party seen going away from the still immediately prior to his arrest. The court is of opinion that the evidence does not eliminate every other reasonable hypothesis than that of defendant's guilt.

The judgment is therefore reversed, the verdict of the jury set aside, and a new trial awarded defendant.

*Reversed; verdict set aside; new trial awarded.*