STATE OF WEST VIRGINIA *v.* STEVE BIERCE

(No. 7469)

Submitted May 10, 1933.   Decided May 16, 1933.

*Everett F. Moore,* for plaintiff in error.

*Homer A. Holt,* Attorney General, and *Kenneth E. Hines,* Assistant Attorney General, for the State.

WOODS, JUDGE:

Steve Bierce was tried and convicted of a second offense under the prohibition law. Code 1931, 60-1-4.

The indictment, after setting up that Bierce had been arraigned before a justice of Marshall county, in April, 1929, for possession of moonshine liquor, that he had taken an appeal from the judgment entered against him in the justice's court, and that he was thereupon tried in the circuit court of said county, convicted and sentenced, charges that the said Bierce "having been convicted in the manner aforesaid, and having been duly discharged and remitted of such conviction and judgment, afterwards, on the —— day of January, 1932, * * * did unlawfully and feloniously keep, sell, offer and expose for sale intoxicating liquors against the peace and dignity of the state."

Upon the trial, the state, over objection of the defendant, was permitted to introduce in evidence the record of the justice and that of the circuit court on appeal, in proof of the former conviction. The circuit clerk identified the defendant as the same person referred to in the order of previous conviction. And, in support of the principal offense charged in the indictment, the state introduced evidence to the effect that one Duke had, at the instance of a certain justice of the peace, gone to defendant's home, on January 16, 1932, and asked him if he had any liquor; that defendant said he had and inquired as to the amount desired; that Duke replied that he wanted a half-pint; that defendant went a short distance from the premises, and came back with a pint; that he stopped at the house and got a half-pint bottle which he filled in the presence of Duke and the latter's companion, and delivered the liquor to Duke; that forty cents was paid for it; that nothing was said about the price prior to purchase. It was admitted that the justice had arranged with Duke, for a certain consideration, to make the purchase. The liquor was marked for identification, and a few weeks later the defendant was indicted, as aforesaid. No evidence was offered in defense.

The defendant contends that the trial court erred (1) in overruling his motion for a bill of particulars; (2) in permitting the record evidence of the alleged former conviction to be introduced because of certain variances between it and

the allegations contained in the indictment; and (3) in refusing to direct a verdict for defendant on the ground that he had been solicited to commit the crime for the purpose of entrapment.

The request for a bill of particulars came too late, having been made after the plea of "not guilty". *State* v. *Sixo*, 77 W. Va. 243, 87 S. E. 267; *State* v. *Hurley*, 78 W. Va. 639, 90 S. E. 109; *State* v. *Wolfe*, 113 W. Va. 459, 168 S. E. 656.

As to the alleged variance, the indictment averred that the defendant had pleaded "guilty" before the justice, and that the circuit court, on appeal, had adjudged him to pay a fine of $100.00, in addition to a jail sentence, whereas, the record of the justice showed that he had pleaded "not guilty", and that of the circuit court that the fine imposed was $300.00.

So far as the record of the justice is concerned, it has no place in the case, except possibly to show that the defendant was arraigned and sentenced, since the case, on appeal, was tried *de novo* in the circuit court. Whether he pleaded "guilty" or "not guilty" was therefore immaterial. The introduction of that record could not have prejudiced the defendant's rights in any way. And, this brings us to the alleged variance in the amount of the fine imposed by the circuit court. The defendant contends that inasmuch as the sentence imposed is an indispensable element of the former conviction, that the sentence must be proved as alleged. In *State* v. *Savage*, 86 W. Va. 655, 104 S. E. 153, it was held: "An indictment charging such former offense should aver not only the conviction, as represented by the jury's verdict, but also the sentence based thereon, in order to show that the proceeding for the first offense has attained a state of finality so far as the trial court has power to control it." The fine, whether $100.00 or $300.00, is within the law, for the former conviction, and would show such finality; hence the variance as to the amount of the fine would be immaterial. It is sufficient that defendant was in fact sentenced and fined. A substantial disclosure is all that is required. *State* v. *Hoilman*, 82 W. Va. 98, 95 S. E. 591; *State* v. *Goldstrohm*, 84 W. Va. 129, 99 S. E. 248.

The last assignment relates to entrapment. According to the great weight of authority, a person making an unlawful

sale of liquor is not excused from criminality by the fact that the sale is induced for the sole purpose of prosecuting the seller. 18 A. L. R. 162. The purchase in the instant case, as in that of *State* v. *Jarvis*, 105 W. Va. 499, 143 S. E. 235, was made primarily for the purpose of ascertaining whether the defendant was engaged in an unlawful business, and not for the purpose of exciting an offense. And, as held by this court in the cited case: "When the only inducement offered by an officer to promote a sale of liquor is willingness to buy, the doctrine of entrapment is not available to the seller."

The observations by Judge Hatcher in the *Jarvis* case apply with equal force to the instant case. Bierce was not coerced, importuned, or persuaded by either Duke or his companion. No favors were asked, promised or bestowed. No confidence violated. The only inducement offered was willingness to buy. The price was not mentioned until after the delivery. The circumstances show that the defendant would have made a like sale to any other person, not to his mind a probable informer. While this particular sale could not have occurred except for the trap of the witnesses, that artifice simply afforded a definite opportunity to the defendant to do what he was evidently both willing and expected to do. The trial court very properly overruled the defendant's motion to strike the evidence.

Perceiving no reversible error, we affirm the judgment of the circuit court.

*Affirmed.*