STATE OF WEST VIRGINIA

*v.*

CLIFFORD BRATCHER

(No. 13357)

Decided July 2, 1974.

*Lewis, Ciccarello, Masinter & Friedberg, Arthur T. Ciccarello and Martin J. Glasser* for plaintiff in error.

*Chauncey H. Browning, Jr.,* Attorney General, *Richard E. Hardison,* Deputy Attorney General for defendant in error.

CAPLAN, CHIEF JUSTICE:

At the January Term, 1970, of the Circuit Court of Boone County, the grand jury of said county returned an indictment against Clifford Bratcher and certain others, charging them with the crime of grand larceny. Upon arraignment the defendant, Clifford Bratcher, entered a plea of not guilty and the case proceeded to trial before a jury. At the conclusion thereof the jury found the defendant guilty as charged in the indictment.

On the date set for sentencing the state presented an information charging the defendant with a previous conviction of a felony, which, when proved under the provisions of Code, 1931, 61-11-18, as amended, requires the imposition of an additional five years. Consequently, upon proper consideration of the information, the defendant was sentenced to a term of one to fifteen years in the state penitentiary.

Upon the failure of the defendant's former counsel to file an appeal, after the defendant had advised him he desired to appeal, the defendant sought in this Court and was granted a writ of habeas corpus. Therein the Court ordered that the defendant be discharged from custody, said discharge having been stayed for a period of thirty days to allow resentencing of the defendant. Accordingly, the defendant was resentenced and was afforded the opportunity to perfect a timely appeal.

The record reveals that one James Harry Craig purchased a wrecked truck after it had gone over an embankment and became lodged on its side approximately 100 to 125 feet from the road. The truck was a Ford Tandem, being equipped with ten wheels. The evidence reveals that when Craig inspected the vehicle shortly after his purchase the ten wheels and tires were in place on said vehicle. Craig testified that when he returned some two

weeks later two tires had been removed from the truck. He later went back to the scene of the wrecked truck and four more tires were missing. On a third occasion the remaining four tires had been taken. The evidence is confusing as to what periods of time passed between visits to the truck and the discovery of the missing tires, but it appears that a period of two to three weeks passed between each visit. Thus, the tires, the subject of the indictment, were taken on three separate occasions covering a period from February to April, 1969.

The indictment alluded to above charged the defendant, Clifford Bratcher, with the theft of the aforementioned truck tires and wheels. The only evidence that in any manner connects this defendant with any of the truck tires was the testimony of Henson Harless, the subsequent purchaser of the stolen tires. He testified that sometime prior to April 10, 1969, he received a message from Pete Jarrell informing him that he had two good truck tires which would fit the Harless trucks. On April 10, 1969 Pete Jarrell and the defendant met with Mr. Harless and showed him the two tires for which Jarrell asked $100.00. Mr. Harless told Jarrell he would purchase the tires and asked if they were stolen. Being assured by Jarrell that they were not stolen, Harless said he would have to give Jarrell a check. When Jarrell expressed concern about getting the check cashed, defendant Bratcher said, according to Harless' testimony, "Just make it to me I got an ID card."

Inasmuch as it is the defendant's contention that he had nothing to do with the theft of the tires; that the only reason the check was made out to him was that he had identification which would enable him to get it cashed; and that no other evidence even remotely connects him with the other eight tires, the following testimony adduced from Mr. Harless is significant:

> "Q. From whom did you purchase the first of these tires, if you remember?
>
> "A. Pete Jarrell.

\* \* \*

"Q. Clifford said to make the check payable to him?

"A. Right.

"Q. Because he had an ID card?

"A. Right.

\* \* \*

"Mr. Bouldin: This is State's Exhibit No. 10.

"A. This is the check I wrote for the two first tires which I bought off Pete and wrote the check in Clifford's name."

On cross examination Henson Harless testified as follows:

"Q. You had no contact whatever before that day with Clifford Bratcher?

"A. No, sir.

\* \* \*

"Q. When you made this check out \* \* \* dated April 10, isn't it true, Henson, that you made your deal with Pete Jarrell, and the only reason that check was made to that boy was because he said he had an ID card and Pete didn't?

"A. That is right.

"Q. This boy didn't have one thing to do with it?

"A. He never contacted me in no way about those tires."

The uncontradicted testimony of Mr. Harless reveals that the disposition of the ten stolen tires was consummated by three separate sales. Two tires were sold on April 10, 1969, as evidenced by the check of that date, payable to Clifford Bratcher. Four tires were sold on April 18, 1969, as evidenced by a check in the amount of $200.00, payable to Eugene Jarrell (Pete), a copy of which was made a part of the record as "State's Exhibit No. 11". The remaining four tires were sold to Harless, a check

therefor having been made payable to Rodney Bratcher in the sum of $150.00. Mr. Harless testified that the defendant, Clifford Bratcher, had no connection whatever with his purchase of the latter eight tires.

The foregoing reflects entirely the case presented by the state relating to the guilt of the defendant. In this posture of the record the attorney general confessed error, forthrightly and candidly stating that "error was committed in the defendant's trial and [the state] cannot, in good conscience, maintain that said error was not prejudicial to the defendant's right to a fair trial." This Court accepts the profession of error and commends the attorney general for his candor.

Basically, the error committed in the trial of this case was the admission of evidence, over the objections of counsel for the defense, relating to separate and distinct offenses without connecting the defendant to such offenses in any manner. The indictment charged the theft of ten tires and admittedly no evidence involved the defendant with regard to eight of the ten. Furthermore, the only evidence relating to the defendant in regard to the two tires sold by Jarrell to Harless was exculpatory in nature.

Further error was committed when the trial court refused an instruction offered by the defendant on the law applicable to a circumstantial evidence case. It is evident from the record that this is a circumstantial evidence case and that a circumstantial evidence instruction should have been given. See *State v. Clay,* 135 W.Va. 618, 64 S.E.2d 117 (1951); *State v. Snider,* 106 W.Va. 309, 145 S.E. 607 (1928); and *State v. Beall,* 98 W.Va. 189, 126 S.E. 569 (1925).

In view of the errors cited and those acknowledged by the state, the judgment of the Circuit Court of Boone County is reversed and the case is remanded for a new trial.

*Reversed and remanded.*